UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MAURICE DESHON RICHMOND,

    Plaintiff,

    v.                         CAUSE NO. 3:23-CV-279-RLM-MGG

ST JOSEPH COUNTY, et al.,

    Defendants.

OPINION AND ORDER

Maurice Deshon Richmond, a prisoner without a lawyer, filed a complaint alleging he was held in the St. Joseph County Jail for thirty-five days past his release date. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Richmond alleges that Judge Steele told him on November 2, 2022, that the charges against him had been dismissed on October 26, 2022, but he was being detained on a parole hold. He alleges that officers at the St. Joseph County Jail told him his parole hold had been released on October 27, 2022, but he had a no bond hold. He alleges he wrote to Warden Russell Olmstead, but got no response. He alleges the

jail did not update its records with the court, neglected him, and recklessly housed inmates. He alleges he was ultimately released when Judge Steele intervened and ordered his release.

When an inmate is detained past his release date, he states a federal constitutional claim only when it was caused by "deliberate indifference and delay." Burke v. Johnston, 452 F.3d 665, 667 (7th Cir. 2006). "Proving her state of mind [is] a vital step on any path to liability. Whether the claim is framed under the Cruel and Unusual Punishments Clause or the Due Process Clause, simple error, negligence, or even gross negligence is not enough." Wells v. Caudill, 967 F.3d 598, 601 (7th Cir. 2020). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). "Negligence on the part of an official does not violate the Constitution . . .." Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004). That a defendant merely failed to act reasonably isn't enough. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence doesn't amount to deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

This complaint doesn't plausibly allege that anyone was deliberately indifferent. It alleges that several guards checked the records and saw that they showed Mr. Richmond was being held on a no bond hold. The complaint alleges that Warden Olmstead didn't respond to his written request, but it doesn't allege that

2

Warden Olmstead or anyone else knew or believed Mr. Richmond was being held illegally. Mr. Richmond says he told jail officials the record was wrong and argues they should have verified the accuracy of the information in their system rather than merely relying on it. Undoubtedly many detainees assert they should be released. Jail officials can't be expected to believe every such plea or to verify the accuracy of their records every time an inmate asserts the records are wrong. The complaint doesn't explain how anyone was more than negligent, unreasonable, or incompetent. It is beyond regrettable that Mr. Richmond was held for (by his count) thirty-five days past his release date, but he hasn't plausibly alleged that happened because of a federal constitutional violation by any of the defendants.

This complaint doesn't state a claim for which relief can be granted. If Mr. Richmond believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

3

(1) GRANTS Maurice Deshon Richmond until **August 17, 2023**, to file an amended complaint; and

(2) CAUTIONS Mr. Richmond if he doesn't respond by August 17, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 31, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
